# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Respondent/Plaintiff, | ) | |
| v. | ) | Case No. CIV-15-048-RAW |
| | ) | (CR-13-061-RAW) |
| WILLIE LEE WARTSON, | ) | |
| Petitioner/Defendant. | ) | |

## ORDER

Before the court is the motion of the petitioner pursuant to 28 U.S.C. §2255. Defendant waived indictment and pled guilty to a felony information charging one count of possession of a stolen firearm, in violation of 18 U.S.C. §922(j). Defendant was sentenced to a term of 120 months, (#46 in 13-CR-61-RAW), a sentence agreed to by the parties pursuant to Rule 11(c)(1)(C) F.R.Cr.P., as reflected in the plea agreement. (*See* #37 in 13-CR-61-RAW). No direct appeal was taken.[1] For his first ground, petitioner contends his trial counsel was ineffective.

To establish ineffective assistance of counsel, a movant must show (1) deficient performance that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Rubio-Ayala,* 596 Fed.Appx. 594, 596 (10th Cir.2014)(quoting *Strickland v. Washington,* 466 U.S. 668 (1984)). A court may address the performance and

---

[1] In the plea agreement, defendant waived his right to appeal (except from a sentence that exceeds the statutory maximum) and his right to file a §2255 motion (except for claims based on effective assistance of counsel which challenge the validity of the guilty plea or the waiver itself).

prejudice prongs in any order, but need not address both if movant fails to make a sufficient showing of one. *United States v. Hall,* 620 Fed.Appx. 681 (10th Cir.2015)(quoting *Cooks v. Ward,* 165 F.3d 1283, 1292-93 (10th Cir.1998)).

Deficient performance means that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. When evaluating defense counsel's performance, the court must "indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone,* 535 U.S. 685, 702 (2002)(citing *Strickland,* 466 U.S. at 689).

Movant's first ground for relief is that trial counsel was ineffective because (1) he coerced petitioner to plead guilty and (2) he knew that the firearm in question was not stolen. Neither claim survives review of the written plea agreement and the plea colloquy. The plea agreement states that "[t]he defendant agrees to voluntarily plead guilty to and admits being guilty" of the charge in the information. (#37 in 13-CR-61-RAW, page 1 of 10). Defendant's initials appear at the bottom of the page. The next page of the plea agreement sets forth the factual basis for the plea, and reflected defendant's agreement that the government could prove the facts beyond a reasonable doubt and the facts accurately represent the defendant's conduct. Included in those facts are the statements that the defendant possessed the firearm, that the firearm was stolen, and that defendant "had

reasonable cause to believe the firearm was stolen."[2] Again, defendant's initials are at the bottom of the page.

At the change of plea hearing, defendant affirmed that the plea agreement section on factual basis would stand as defendant's "version of what happened." (#51 in 13-CR-61-RAW, at 16.15 - 17.1) Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established. *See United States v. Glass,* 66 Fed.Appx. 808, 810 (10th Cir.2003). The court sees no such reason in this case. Defendant has shown neither deficient performance nor prejudice as to this ground.[3]

Defendant's second ground is that the sentence was miscalculated under the Sentencing Guidelines. Defendant calculates a sentencing range under his criminal history for a §922(j) offense and protests that he was sentenced to the statutory maximum. Of course, that was part of the plea negotiation. A plea to §922(j) would not have been available had the government not substituted an information for the indictment. Conviction on the initial charge (§922(g)(1)) would have resulted in a sentence of not less than fifteen years, pursuant to 18 U.S.C. §924(e). A guilty plea may be involuntary if an attorney misrepresents

---

[2]This tracks the elements of a §922(j) offense. *See United States v. Al-Rekabi,* 454 F.3d 1113, 1124 (10th Cir.2006). In the present motion, petitioner also suggests he did not "possess" the firearm because it was buried in the yard. The court agrees with the government that "Defendant misunderstands the legal concept of possession." (#8 at page 12 of 16).

[3]To the contrary, the government's response (#8) to the present motion establishes that defense counsel's negotiation enabled defendant to avoid a mandatory 15 year sentence under the Armed Career Criminal Act.

3

the consequences of the plea, but a court reviewing a claim of ineffective assistance of counsel may consider the record of the change of plea hearing to evaluate whether defendant was on notice of the punishment he faced by proceeding with a guilty plea. *United States v. Jordan,* 2016 WL 5818562, *5 (N.D.Okla.2016)(citing *United States v. Rhodes,* 913 F.2d 839 (10th Cir.1990)). The record before the court clearly establishes defendant knew of the sentence contemplated by the Rule 11(c)(1)(C) agreement and there was no misrepresentation by counsel.

No evidentiary hearing is required by §2255 if "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Clare,* 2016 WL 4707908, *4 (10th Cir.2016). The present motion will be denied without a hearing.

It is the order of the court that the petition pursuant to 28 U.S.C. §2255 is hereby DENIED.

**ORDERED THIS 11th DAY OF OCTOBER, 2016.**

**Dated this 11th day of October, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

4